United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| T.H.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00415 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff T.H. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act (the "Act"). T.H. and Defendant Frank Bisignano, the Commissioner of the Social Security Administration (the "Commissioner") have both filed briefs. *See* Dkts. 11, 15. After reviewing the briefing, the record, and the applicable law, the Commissioner's decision is reversed, and this matter is remanded to the Commissioner for further proceedings consistent with this opinion.

## BACKGROUND

On May 1, 2023, T.H. filed a Title II application for disability and disability insurance benefits alleging disability beginning August 15, 2022. On January 24, 2024, T.H. filed a Title XVI application for supplemental security income also alleging disability beginning on August 15, 2022. His application was denied and denied again upon reconsideration. On February 13, 2025, an Administrative Law

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions. This court has taken that guidance a step further in the interest of claimant's privacy and will use only initials in public opinions.

Judge ("ALJ") held a hearing. On April 15, 2025, the ALJ issued an opinion, finding that T.H. was not disabled. T.H. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do [his] past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that T.H. "has not engaged in substantial gainful activity since August 15, 2022, the alleged onset date." Dkt. 10-3 at 29.

The ALJ found at Step 2 that T.H. "has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, generalized anxiety disorder with somatic symptom disorder, attention deficit hyperactivity disorder (ADHD), and major depressive disorder." *Id.*

At Step 3, the ALJ found that T.H. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 30.

Prior to consideration of Step 4, the ALJ determined T.H.'s RFC as follows:

[T.H.] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only frequently bend, stoop, and crouch. He can occasionally kneel. He can never crawl or climb ladders, ropes, and scaffolds. He can never be exposed to unprotected heights or dangerous moving machinery. He can sit or stand at his discretion throughout an eight-hour workday without leaving the worksite. He can understand, remember, and

3

carry out detailed but not complex instructions, make decisions, attend and concentrate on those decisions for extended periods. He can respond appropriately to routine changes in the workplace. He can interact adequately with coworkers and supervisors.

*Id.* at 34.

At Step 4, the ALJ found that T.H. "is unable to perform any past relevant work." *Id.* at 39.

At Step 5, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that [T.H.] can perform." *Id.* Thus, the ALJ found that T.H. "has not been under a disability . . . from August 15, 2022, through the date of [the ALJ's] decision." *Id.* at 41.

## DISCUSSION

T.H. raises one issue for my review: whether the ALJ erred in his evaluation of the medical opinions of record. Finding that the ALJ did err, I remand this case to the Commissioner.

An ALJ is not required to give "any specific evidentiary weight" to medical opinions. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (1) supportability; (2) consistency; (3) the source's relationship with the patient; (4) the source's specialty; and (5) "other factors that tend to support or contradict" the opinion. *Id.* §§ 404.1520c(c), 416.920c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

With respect to "supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 1:20-cv-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)). "As for consistency, . . . the greater the consistency between a particular medical

source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). "Simply put, consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166, 2021 WL 3708047, at *5 (quotation omitted).

State agency medical consultants, Dr. Patty Rowley and Dr. Prianka Gerrish, examined the record and both opined that T.H. could only occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl. *See* Dkt. 10-4 at 18, 39. Dr. Rowley also opined that T.H. could never climb ladders, ropes, or scaffolds. *See id.* at 18. Dr. Gerrish opined that T.H. could occasionally climb ladders, ropes, or scaffolds. *See id.* at 39. In evaluating these two opinions, the ALJ wrote:

> In July 2024, Patty Rowley, M.D., examined the record and opined [T.H.] could perform work at the sedentary exertional level with periodic sitting and standing while occasionally performing postural functions but never climbing ladders, ropes, and scaffolds. The [ALJ] finds this opinion not persuasive. First, a limitation to work at the sedentary level is not well supported because while he exhibited some issues at his internal medicine exam, he retained full five out of five, motor strength in all extremities. Additionally, while he has continued to complain of pain, he retained the ability to ambulate without difficulty. Second, this opinion is not consistent with the overall record. Specifically, the record shows that even though he has had issues with his knee and back pain, his medication was effective. Additionally, [T.H.] did not require an assistive device.

5

> In July 2024, Prianka Gerrish, M.D., reviewed the evidence and found [T.H.] could perform work at the light exertional level with periodic sitting and standing while occasionally performing postural functions. Overall, the Administrative Law Judge finds this opinion persuasive as to the exertional level and sit/stand option as it is well supported with citations to the record of [T.H.]'s presentation at examination. These limitations are also consistent with the evidence showing effective medication management, full strength, and *generally* normal ability to ambulate. On the other hand, when considering the entirety of the record, the [ALJ] finds [T.H.] would require different postural and environmental limitations. Specifically, because of [T.H.]'s antalgic gait, he has been limited to ground-level work but frequent bending, stooping, and crouching

Dkt. 10-3 at 38 (cleaned up).

Simply put, there is no logic in the ALJ's rejection of Drs. Rowley and Gerrish's postural limitation recommendations based on T.H.'s ability to ambulate without difficulty and his antalgic gait. To "ambulate" means "to walk about or move from place to place." *Ambulate*, Dictionary.com, https://www.dictionary. com/browse/ambulate (last visited July 15, 2026). To state the obvious: being able to *walk* without difficulty does not necessarily mean that one can bend, stoop, crouch, kneel, or crawl without difficulty. Just as a normal gait "is not informative as to whether [a claimant] could perform light work," nor is the ability to ambulate informative as to postural limitations. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014), *as amended* (Aug. 20, 2014). What is especially confusing is that the ALJ rejected Dr. Rowley's recommended postural limitations due to T.H.'s ability "to ambulate without difficulty," but the ALJ then rejected the very same recommended limitations from Dr. Gerrish based on T.H.'s "antalgic gait." Dkt. 10-3 at 38. An "antalgic gait" is a gait "marked by or being an unnatural position or movement assumed by someone to minimize or alleviate pain or discomfort." *Antalgic*, Merriam-Webster, https://www.merriam-webster.com/medical/ antalgic (last visited July 15, 2026). It makes no sense to say that *because* someone walks unnaturally due to pain he can frequently bend, stoop, and crouch. And it is not my job to make sense where there is none.

"[T]he line between guessing and creating a post hac rationalization for the ALJ's decision is infinitesimally small, if not non-existent. Because I cannot pin down the ALJ's reasoning with certainty, I decline to engage in any post hoc rationalization." *Schwartz v. Kijakazi*, No. 4:20-cv-00739, 2021 WL 3620071, at *3 (S.D. Tex. Aug. 16, 2021). "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Only if a claimant can demonstrate that his substantial rights were affected—in other words, that the error was not harmless—is remand required. *See Audler*, 501 F.3d at 449. Errors are harmless where "[i]t is inconceivable that the ALJ would have reached a different conclusion." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Here, it is entirely conceivable that the ALJ would reach a different conclusion regarding T.H.'s postural limitations if he rendered a logical opinion. It is also conceivable that different postural limitations could result in a finding of disabled. Thus, this matter should be remanded.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is reversed and this matter is remanded for further proceedings consistent with this opinion.

SIGNED this ___16th___ day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

7